UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN, et al., <br><br> Plaintiffs, <br> v. <br><br> SOLANO COMMUNICATIONS, INC., a California corporation, <br><br> Defendant. | Case No.: 10-CV-01280-LHK <br><br> ORDER REOPENING CASE |

On November 18, 2010, the parties filed a stipulation for contingent order of dismissal, indicating that they had settled the case and had agreed to dismiss it without prejudice, and that Plaintiffs could reopen the case if necessary to enforce the settlement agreement. ECF No. 21. The settlement agreement included a stipulated judgment that Plaintiffs could file to collect any payments due under the settlement agreement. *See* ECF No. 21, Exh. A. At the parties' request, the Court entered an Order dismissing the case without prejudice on November 22, 2010. ECF No. 23. That Order also indicated that the Court would reopen the case if any party certified that the consideration set forth in the settlement agreement had not been delivered, and filed proof of service on the opposing party or counsel. *Id.*

Plaintiffs have now filed a motion to reopen the case and enter stipulated judgment, accompanied by the required proof of service. ECF Nos. 28, 35. They have also filed two declarations in support, certifying that Defendant made the initial payment required under the

1

Case No.: 10-CV-01280-LHK
ORDER REOPENING CASE

1   settlement agreement, but has failed to make the subsequent required payments.  ECF Nos. 29, 30.

2   Federal Rule of Civil Procedure 60(b)(6) states, "On motion and just terms, the court may relieve a

3   party or its legal representative from a final judgment, order, or proceeding for. . . any . . . reason

4   that justifies relief."  As the parties have stipulated to the reopening of this case if one party

5   certifies that the payments agreed upon have not been made, the Court finds that there is good

6   cause to reopen the case.  Accordingly, the motion to reopen the case is GRANTED.

7   　　　　Plaintiffs' motion also appears to contemplate the immediate entry of judgment.  However,

8   the proposed order Plaintiffs have submitted is not in the form of the stipulated judgment agreed

9   upon by the parties.  *See* ECF No. 21 at 8 (stipulation agreed to as part of settlement).  Thus, the

10  Court will not enter the order that Plaintiffs have proposed.  The Court's Order dismissing the case

11  specified that Plaintiffs could move to reopen the case, and that "Plaintiffs may *then* insert the

12  appropriate amount owed and file the Stipulation for Entry of Judgment."  ECF No. 23 at 2

13  (emphasis added).  Further, Planitiffs' counsel has indicated uncertainty as to the precise amount of

14  fees to be awarded, instead submitting an estimate.  ECF No. 29 at 4.  As the case is now reopened,

15  Plaintiffs may now insert the appropriate amount and file the stipulated judgment with appropriate

16  documentation of the precise amount due by December 17, 2012.  The hearing on this motion

17  scheduled for December 13, 2012 is hereby VACATED.

18  **IT IS SO ORDERED.**

19  Dated:  December 10, 2012

20  　　　　　　　　　　　　　　　　　　　　　　　　　　_Lucy H. Koh_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　LUCY H. KOH
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

2

Case No.: 10-CV-01280-LHK
ORDER REOPENING CASE