UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN; NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND & COMMUNICATION DISTRICT NO. 9 HEALTH & WELFARE TRUST FUND; NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND & COMMUNICATION DISTRICT NO. 9 APPRENTICESHIP & TRAINING COMMITTEE; JOHN O'ROURKE, as Trustee of the above,<br><br>     Plaintiffs,<br> v.<br><br>SOLANO COMMUNICATIONS, INC., a California corporation,<br><br>     Defendant. | Case No.: 10-CV-01280-LHK<br><br><br><br><br>ORDER GRANTING MOTION TO ENTER STIPULATED JUDGMENT |

  On November 18, 2010, the parties filed a Stipulation for Contingent Order of Dismissal ("2010 Stipulation"), indicating that they had settled this case and had agreed to dismiss it without prejudice, and that Plaintiffs could reopen the case if necessary to enforce the parties' Settlement Agreement. ECF No. 21. The Settlement Agreement also provided that if proceedings are commenced to enforce a provision of the Agreement, the prevailing party is entitled to receive all costs and expenses, including reasonable attorneys' fees. *Id.*, Exh. A, ¶ 5.

1

Case No.: 10-CV-01280-LHK
ORDER GRANTING MOTION TO ENTER STIPULATED JUDGMENT

On November 22, 2010, the Court entered a Contingent Order of Dismissal, dismissing the action without prejudice. ECF No. 23. That Order provided that the Court would reopen the case if any party certified that the consideration set forth in the settlement had not been delivered. *Id.* On October 16, 2012, Plaintiffs filed a motion to reopen the case ("Motion to Reopen"), accompanied by the required proofs of service, and declarations certifying that Defendant had failed to make required payments. *See* ECF Nos. 28; 29; 30; 35. On December 10, 2012, the Court ordered that this action be reopened. ECF No. 36.

The parties' 2010 Stipulation had also provided: "If the settlement payments are not made in a timely fashion or if the Settlement Agreement is otherwise breached, Plaintiffs can file a Stipulation for Entry of Judgment attached to the Settlement Agreement as Exhibit 'A'. The Court shall then Order the Entry of Judgment." ECF No. 21 at 2.

In Plaintiffs' October 16, 2012 Motion to Reopen, Plaintiffs sought entry of judgment pursuant to the Stipulation. *See* ECF No. 35. However, the Court found that Plaintiffs' proposed order entering judgment was not in the form of the stipulated judgment that the parties had included in their 2010 Stipulation. ECF No. 36 (citing ECF No. 21 at 8). The Court also expressed concern that Plaintiffs' counsel had indicated uncertainty as to the precise amount of fees to be awarded. *Id.* (citing ECF No. 29 at 4). The Court allowed Plaintiffs to "insert the appropriate amount and file the stipulated judgment with appropriate documentation of the precise amount due by December 17, 2012." *Id.*

On December 17, 2012, Plaintiffs filed a copy of the "Stipulation for Entry of Judgment" that had been included in their original 2010 Stipulation. *See* ECF No. 38 (Stipulation for Entry of Judgment originally included in ECF No. 21). Plaintiffs filled in the appropriate blank space for the amount of judgment with the figure $18,970.56. ECF No. 38 at 2. Plaintiffs also included two attachments, one entitled "Solano Communications," ECF No. 38-1, and the other entitled "Legal Insight Inquiry: Case Activity," ECF No. 38-2. The filing did not include any explanation of what these two attachments represent, or how the contents of these attachments related to the requested $18,970.56.

On May 28, 2013, the Court ordered Plaintiffs to file a declaration explaining how the requested $18,970.56 was calculated, by June 11, 2013. ECF No. 39. The Court ordered Defendant to file any objections or request for a hearing on this matter by June 25, 2013. *Id.*

On June 11, 2013, Plaintiffs' counsel Chloe Quail filed a Declaration in support of Plaintiff's request to enter stipulated judgment. ECF No. 40 ("Quail Declaration"). The Quail Declaration states that Defendant failed to comply with the monthly payment plan set forth in the parties' Settlement Agreement. *Id.* ¶¶ 4-6. Plaintiffs attached to the Quail Declaration copies of the delinquency tracking documents, prepared by Plaintiffs' third party administrator, indicating that $3,789.51 in principal and liquidated damages remains outstanding. *See id.* ¶ 10-11, and Exh. B.[1] Plaintiffs also asserted that they have incurred $2,007.50 in attorneys' fees since the breach of the Settlement Agreement. *Id.* ¶ 9, and Exh. A. Accordingly, Plaintiffs revised their Stipulated Entry of Judgment to reflect the new amount owing of $5,797.01, which reflects the $3,789.51 in principal and liquidated damages, and $2,007.50 in attorneys' fees. *Id.* ¶ 11. Plaintiffs' counsel also stated that Defendant has "acknowledged its remaining debt." *Id.* ¶ 11.

As of July 8, 2013, Defendant has not filed any opposition or request for hearing. Accordingly, the Court hereby enters judgment against Defendant in the amount of $5,797.01, pursuant to the Stipulated Entry of Judgment filed on June 11, 2013. *See* ECF No. 40-3.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 8, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] Plaintiffs note that this number is reduced from the amount initially requested in their Motion to Reopen, because Defendant made "significant payments towards its debt" between the filing of the Motion to Reopen in October of 2012, and the filing of the Quail Declaration in June of 2013. *See* Quail Declaration, ¶ 10.

3
Case No.: 10-CV-01280-LHK
ORDER GRANTING MOTION TO ENTER STIPULATED JUDGMENT